**Slip Op. 11- 125**

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **PEER BEARING COMPANY-CHANGSHAN**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, and <br><br> **CHANGSHAN PEER BEARING CO. LTD. and PEER BEARING COMPANY** <br><br> Defendant-Intervenors, and <br><br> **THE TIMKEN COMPANY**, <br><br> Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge <br><br> Consol. Court No. 11-00022 |

## OPINION AND ORDER

[Denying the motion of defendant-intervenors Changshan Peer Bearing Co. Ltd. and Peer Bearing Company to dismiss a claim in the complaint filed by The Timken Company]

Dated: October 13, 2011

*John M. Gurley*, *Diana Dimitriuc Quaia*, and *Matthew L. Kanna*, Arent Fox LLP, of Washington, DC, for plaintiff and defendant-intervenor Peer Bearing Company - Changshan.

*L. Misha Preheim*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With him on the brief were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, *Claudia Burke*, Assistant Director. Of counsel on the brief was *Joanna V. Theiss*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, DC.

*Herbert C. Shelley* and *Christopher G. Falcone*, Steptoe & Johnson LLP, of Washington, DC, for defendant-intervenors Changshan Peer Bearing Co. Ltd. and Peer Bearing Company.

**Consol. Court No. 11-00022**                                                                                                          Page 2

*William A. Fennell* and *Terence P. Stewart*, Stewart and Stewart, of Washington, DC, for plaintiff and defendant-intervenor The Timken Company.  With them on the brief was *Nazak Nikakhtar*, of Washington, DC.

Stanceu, Judge: Peer Bearing Company - Changshan ("CPZ"), the plaintiff in Court No. 11-00022, and The Timken Company ("Timken"), the plaintiff in Court No. 11-00039, challenge the final results that the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department") issued to conclude the twenty-second administrative review of the antidumping duty order on tapered roller bearings ("TRBs") and parts thereof, finished and unfinished, from the People's Republic of China.  *Tapered Roller Bearings & Parts Thereof, Finished & Unfinished, From the People's Republic of China: Final Results of the 2008-2009 Antidumping Duty Admin. Review*, 76 Fed. Reg. 3,086 (Jan. 19, 2011) ("*Final Results*"); Compl. (Feb. 2, 2011), ECF No. 6; Compl. (Mar. 10, 2011), ECF No. 9 (Court No. 11-00039) ("Timken's Compl.").  The twenty-second review pertained to the period of June 1, 2008 to May 31, 2009 (the "period of review" or "POR").  *Final Results*, 76 Fed. Reg. at 3,086.  The court consolidated the two cases under Consolidated Court No. 11-00022 on June 13, 2011.  Order (June 13, 2011), ECF No. 27.

Before the court is the motion of two companies that are affiliates of AB SKF ("SKF") and are defendant-intervenors in this case, Changshan Peer Bearing Co. Ltd. and Peer Bearing Company, to dismiss one of the two claims in Timken's complaint for failure to state a claim upon which relief can be granted.  Def.-intervenors' Mot. to Dismiss 1 ("Mot. to Dismiss") (citing USCIT R. 12(b)(5)).  The two SKF affiliates argue that Timken's second claim should be dismissed in response to Timken' failure to exhaust administrative remedies.  *Id.*  For the reasons discussed below, the court denies the motion to dismiss.

**Consol. Court No. 11-00022**                                                                                                          Page 3

      Timken alleges in its complaint that during the period of review CPZ produced subject TRBs and sold them through Peer, which at that time was CPZ's U.S. sales affiliate, that also during the POR (specifically, on September 11, 2008), SKF purchased the corporate shares, assets, and liabilities of CPZ and Peer, and that thereafter CPZ and Peer ceased to operate and the SKF affiliates began production and sales of subject TRBs. Timken's Compl. ¶ 8. Timken alleges that among the assets transferred in the SKF acquisition was an inventory of subject TRBs that Peer had imported but not yet sold. *Id.* ¶ 10. On these alleged facts, Timken claims, first, that Commerce erred in regarding the subsequent sales of these TRBs by an SKF affiliate to unaffiliated customers as the first U.S. sales for purposes of determining U.S. price under section 772 of the Tariff Act of 1930, 19 U.S.C. § 1677a (2006). Timken's Compl. ¶¶ 10-11. Timken argues that Commerce instead should have recognized the acquisition of the inventory as the first U.S. sales. *Id.* ¶ 11. Second, Timken claims that Commerce erred in determining the normal value of those same TRBs. Specifically, Timken argues that because CPZ had produced the merchandise at issue, Commerce was required to determine normal value according to CPZ's factors of production rather than according to factors of production that an SKF affiliate submitted, which factors, according to Timken, pertained to production of TRBs by the SKF affiliate after the acquisition. *Id.* ¶¶ 13-16.

      The SKF affiliates argue that the court should dismiss Timken's second claim, asserting that Timken failed to raise its objection to the normal value determination in the case brief it filed before the Department. Mot. to Dismiss 4-5. They rely on section 301 of the Customs Courts Act of 1980, which directs that the court, "where appropriate, shall require the exhaustion of administrative remedies." *Id.* (citing 28 U.S.C. § 2637(d) (2006)). They support their motion

**Consol. Court No. 11-00022** Page 4

to dismiss Timken's second claim with several documents from the administrative record. *Id.* exhibits 1-6.

A motion under USCIT Rule 12(b)(5) requires the court to determine whether a complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). In ruling on such a motion, the court may not rely on matters presented outside of the pleadings, USCIT R. 12(d), but may consider documents incorporated into the complaint, exhibits attached to the complaint, or matters of which the court may take judicial notice, *see*, *e.g.*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) ("[C]ourts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

The pleadings and other matters that the court may consider in ruling on the motion to dismiss do not establish to a certainty that Timken will be unable to obtain relief on its second claim. The court has discretion whether to deny relief for failure to exhaust administrative remedies, *see* 28 U.S.C. § 2637(d), and may consider whether an exception to the doctrine of exhaustion of administrative remedies applies on the particular facts.[1] Although the movants appended to their motion several documents that purport to resolve the exhaustion issue, with

---

[1] Recognized exceptions to exhaustion requirement include: (1) argument based on pure question of law, (2) lack of timely access to the confidential record, (3) judicial decision rendered subsequent to the administrative determination materially affecting the issue, or (4) futility. *See Gerber Food (Yunnan) Co. v. United States*, 33 CIT __, __, 601 F. Supp. 2d 1370, 1377 (2009).

**Consol. Court No. 11-00022**            Page 5

one exception the court may not consider such materials in ruling on a motion to dismiss. These documents neither are attached to Timken's complaint nor are matters of public record of which the court may take judicial notice. *See* Mot. to Dismiss exhibit 1 (the Department's preliminary margin determination memorandum); *id.* exhibit 2 (Timken's case brief before Commerce regarding SKF); *id.* exhibit 3 (Timken's case brief before Commerce regarding CPZ); *id.* exhibit 4 (Timken's rebuttal case brief before Commerce regarding CPZ); *id.* exhibit 5 (Timken's ministerial error comments); *id.* exhibit 6 (the Department's ministerial error response). The court may consider one of these documents, Timken's case brief before Commerce regarding SKF, because Timken incorporated this document by reference in its complaint. Timken's Compl. ¶ 11. This document, however, does not resolve the entire exhaustion question; for example, record evidence might be relevant to the court's determining whether an exception to the exhaustion doctrine would apply. In these circumstances, the court does not consider it appropriate to decide the exhaustion issue without resort to the administrative record and, therefore, will deny the motion to dismiss the second claim in Timken's complaint.

## ORDER

Upon review of the Defendant-intervenors' Motion to Dismiss, as filed by Changshan Peer Bearing Co. Ltd. and Peer Bearing Company on April 13, 2011 ("Motion to Dismiss"), and upon due consideration of all filings made in this consolidated case, it is hereby

**ORDERED** that the Motion to Dismiss be, and hereby is, DENIED.

                                            /s/ Timothy C. Stanceu
                                            Timothy C. Stanceu
                                            Judge

Dated: October 13, 2011
        New York, New York